UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY LEE BUTRUM,

    Petitioner,

v.

RON NEAL,

    Respondent.

Case No. 2:18-cv-10121
Honorable Laurie J. Michelson

## OPINION AND ORDER TRANSFERRING PETITION FOR HABEAS CORPUS

In a prior order, this Court interpreted Jerry Butrum's rather unclear § 2241 petition as a § 2555 motion to vacate his federal conviction from 1971. (PageID.25.) Based on that understanding, the Court believed it might lack jurisdiction over Butrum's motion and that it was filed too late. (PageID.26–27.) So it ordered Butrum to explain why it had jurisdiction and why the motion was timely. (PageID.27.)

Butrum has explained. And this explanation modifies the Court's interpretation of Butrum's motion. Butrum does challenge his 1971 federal conviction; but he does so only as a means for challenging the state sentence which he is currently serving. In particular, Butrum says that he "means to challenge his current enhanced sentence to his 1982 conviction" (the state one) "due to his prior conviction in 1971" (the federal one) because the federal conviction was used to enhance the state sentence. (*See* PageID.28–29.) He asks the Court to treat his "mislabeled" § 2241 petition as a petition pursuant to § 2254 "challenging an enhanced sentenced that he is currently serving in the State of Indiana for a 1982 conviction for murder." (PageID.29.)

As Butrum is challenging his Indiana sentence under § 2254, this judicial district is not the correct place for Butrum's petition. Courts have applied § 2241(d) in deciding whether a § 2254 petition is filed in the correct judicial district. *See Byrd v. North Carolina*, 200 F. App'x 235, 236 (4th Cir. 2006); *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004). And § 2241(d) provides that when a petition for habeas corpus is filed by "a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts," the petition may be filed in the federal district where the person is in custody or where he was convicted and sentenced. *See* 28 U.S.C. § 2241(d). Butrum is currently in custody in Michigan City, Indiana. (PageID.1.) And he was convicted and sentenced in Marion, Indiana. (PageID.1.) Michigan City is in La Porte County and Marion is in Grant County. And both counties are in the Northern District of Indiana (albeit in different divisions). *See* 28 U.S.C. § 94. So Butrum's § 2254 petition will be transferred to the Northern District of Indiana. *See* 28 U.S.C. § 1406(a).

Before doing so, the Court smooths out one wrinkle. Unlike the more typical § 2254 petition, Butrum does not directly challenge his state court conviction or sentence. Instead, he directly challenges his federal conviction to indirectly challenge his state court sentence. And, typically, a § 2255 motion to vacate is filed in the federal district court where the conviction occurred. *See* 28 U.S.C. § 2255(a). And Butrum's federal conviction was here, the Eastern District of Michigan. *See United States v. Butrum*, No. 2:71-cr-46072. Even so, the Court believes transfer is proper. Butrum is not "in custody" under his federal sentence (he has already served it). *See* (PageID.31); *Maleng v. Cook*, 490 U.S. 488, 491–93 (1989). And, in the end, Butrum seeks a reduction of his state court sentence.

* * *

For the reasons given, the Court ORDERS the Clerk of the Court to transfer this case to the United States District Court for the Northern District of Indiana.

SO ORDERED.

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
Dated: June 14, 2018                   U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 14, 2018.

                                            s/Keisha Jackson
                                            Case Manager